UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:08-CR-71 RM |
| | ) | |
| CARLOS WHEELER | ) | |

## PETITION TO ENTER A GUILTY PLEA

The defendant above named respectfully represents to the Court as follows:

1. My true name is CARLOS WHEELER and I request that all proceedings against me be had in the name which I here declare to be my true name.

2. I have the ability to read, write and speak the English language.

3. I am represented by counsel and my lawyer's name is Thomas F. Strickler.

4. I have received a copy of the three-count Indictment returned by the Grand Jury in June 2008 and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in this case.

5. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment and believe and feel that my lawyer is fully informed as to all such matters. My lawyer has since informed me and has counseled and advised with me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

6. I understand that I am entitled to have all of my rights which may be involved in

this matter explained to me, and that I have the right to have any questions I may have answered for me.

    7.    I understand that I have a right to plead NOT GUILTY to any offense charged against me, and that under a plea of NOT GUILTY the Constitution guarantees me:

    (a)    the right to a speedy and public trial by a twelve-person jury of my peers, selected according to law, in the Northern District of Indiana which must return a unanimous verdict of GUILTY before I can be convicted;

    (b)    the right to be released on reasonable bail until my trial occurs;

    (c)    the right to see, hear and cross-examine all the witnesses against me at my trial;

    (d)    the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses, in my favor at my trial;

    (e)    the right to the assistance of counsel at every stage of the proceedings, including upon an appeal if need be;

    (f)    the right not to testify without prejudice; and,

    (g)    that in the event that I should be found GUILTY of the charge against me, I would have the right to appeal my conviction on such charge to a higher court.

    8.    I understand, also, that if I plead GUILTY, I waive the right to trial by jury in any and all proceedings in this case and all of the other rights mentioned above.

9. Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office for the Northern District of Indiana as follows:

(a) I agree to plead guilty to Counts 1 and 2 of the Indictment, which charges me with crack cocaine distribution and possessing a firearm as an unlawful drug user. I agree to plead guilty to these charges because I am in fact guilty of these offenses;

(b) I admit that I distributed and possessed with intent to distribute crack cocaine (cocaine base) in March 2008. I also possessed a .44 caliber Rossi revolver. At the time, in March 2008, I was a regular and unlawful user of marijuana.;

(c) I understand that the maximum penalties for violations of Title 21, United States Code, Section 841(a)(1) as charged in Count 1 of the Indictment are: a maximum of 20 years imprisonment, a $1,000,000 fine, or a combination of both imprisonment and a fine, as well as a three-year period of supervised release to follow any term of imprisonment and a mandatory special assessment of $100. I understand that the maximum penalties for violations of Title 18, United States Code, Section 922(g)(3) as charged in Count 2 of the Indictment are: a maximum of 10 years imprisonment, a $250,000 fine, or a combination of both imprisonment and a fine, as well as a three-year period of supervised release to follow any term of imprisonment and a mandatory special assessment of $100;

(d) I understand that the offense to which I am pleading guilty falls under the Sentencing Guidelines promulgated by the United States Sentencing Commission under Title 28, United States Code, Section 994. I am aware that my sentence will be determined in accordance with the United States Sentencing Guidelines and this plea agreement. I agree that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. With that understanding, I expressly waive my right to appeal my conviction, my sentence and any restitution order to any Court on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest my conviction, my sentence, any restitution order imposed, or the manner in which my conviction, the sentence or the restitution order was determined or imposed on any ground including any alleged ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742 or in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255;

(e) I will discuss fully, truthfully, and candidly my knowledge of all criminal activities with representatives of the United States Attorney's Office for the Northern District of Indiana and any other law enforcement agency if requested to do so by the

United States Attorney's Office for the Northern District of Indiana;

If requested to do so by the United States Attorney's Office for the Northern District of Indiana, I will testify truthfully, candidly, and completely in grand jury proceedings in the Northern District of Indiana and elsewhere. Also, if requested to do so, I will testify truthfully, candidly and completely in any trials or other judicial proceedings;

In addition, I will provide to the United States Attorney's Office for the Northern District of Indiana such corroboration as I possess or is under my control;

(f) My agreement with the United States Attorney's Office for the Northern District of Indiana has been entered into with the understanding that I have been and will continue to be honest, candid, and truthful in my cooperation. If the United States Attorney's Office for the Northern District of Indiana later determines that I have not been honest, candid or truthful, they can petition the Court to declare this agreement to be null and void;

(g) I understand that the Court, based upon input from me, my attorney, and the government as well as an investigation by the United States Probation Office, will determine the guideline range to be applied at my sentencing. The defendant fully understands that the United States of America has reserved the right to tell the Sentencing Court the good things about him, and the bad things about him, and has reserved the right to fully inform the Court of the nature and extent of his offense(s);

(h) The government agrees that in recognition of the defendant's acceptance of responsibility for his offense conduct, the defendant is entitled to a reduction in the offense level under Guideline § 3E1.1; however, the government's obligation to recommend an acceptance of responsibility reduction under this plea agreement is contingent upon my continuing manifestation of acceptance of responsibility. Should I deny my involvement, give conflicting statements of my involvement, or engage in additional criminal conduct including any personal use of controlled substances, the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility. The defendant understands that the government's recommendation in this respect is a non-binding recommendation and that the Court makes the final decision whether to reduce the defendant's offense level at all and to what extent for acceptance of responsibility. The government agrees that it will make an appropriate motion for a third-level of acceptance of responsibility reduction indicating timely acceptance of responsibility if applicable and as long as the defendant continues to manifest full and complete acceptance of responsibility;

(i) the United States agrees to recommend low-end of the applicable guideline range for imprisonment. The defendant acknowledges that there are no grounds for any downward sentencing departures by the defendant and agrees that the

defendant will not seek any such downward departures or a sentence outside the applicable guideline range at the sentencing in this case;

(j) The defendant and the government agree that the drug weight that should be used for Guideline purposes is a 1/4 ounce or 7 grams of crack cocaine;

(k) The defendant hereby waives all rights, whether asserted directly or through a representative, to request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974. Further, the defendant acknowledges that he has received all discovery required by law prior to the entry of this plea and that he has reviewed same with his attorney;

(l) The government agrees to dismiss Count 3 at the time of sentencing in this matter. The defendant hereby agrees to pay the $200 in special assessments that he owes at the time of his sentencing in this matter;

(m) I agree to forfeit or abandon to the United States the firearm and ammunition listed in the Indictment. I also agree to execute all necessary documentation to complete the forfeiture or abandonment of the firearms and ammunition to the United States or one of its agencies;

(n) Other than what is contained in this plea agreement, no predictions, promises, or representations have been made to me as to the specific sentence that will be imposed or any other matter.

10. I am prepared to state to the Court my reasons based on the facts in this matter that cause me to believe that I am GUILTY as charged.

11. I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

12. I declare that I offer my plea of GUILTY freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this petition, nor have I been threatened in any way by anyone to cause me to plead GUILTY in accordance with this petition.

13. I understand and acknowledge that this petition, once filed with the Court, is a public document and available for public viewing.

        S/ Carlos Wheeler

        Carlos Wheeler
        Defendant

        S/ Thomas F. Strickler

        Thomas F. Strickler
        Attorney for Defendant

APPROVED:

    DAVID A. CAPP
    UNITED STATES ATTORNEY

    s/ Donald J. Schmid
By:
    Donald J. Schmid
    Assistant United States Attorney